(91 App. Div. 200.)

### SMITH v. DUNN et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. REFEREES—MISCONDUCT—REMOVAL.

Where a referee discussed facts connected with the matter referred to him with a witness who was to testify before him, in the absence of counsel for the respective parties, he was guilty of such misconduct as required his removal at the instance of one of the parties, though he had no improper motives in so doing.

Appeal from Special Term, New York County.

Action by Terence A. Smith against Thomas J. Dunn and another, impleaded with others. From an order denying a motion to remove a referee and for the appointment of another, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Jacob Marks, for appellants.
Jacob Fromme, for respondent.
Herbert D. Mason, for Henry W. Mayo, referee.

McLAUGHLIN, J. It may be conceded that the referee had no improper motives in what he did. His acts, nevertheless, were so indiscreet in discussing with the witness O'Neill, out of court, in the absence of counsel for the respective parties, facts connected with the

subject-matter referred to him, and as to which such witness was to testify, that we think the due administration of justice requires another referee should be appointed. The appearance of fairness, if confidence is to be maintained in judicial decisions, is almost, if not quite, as important as fairness itself; and for this reason it has been held by a long line of decisions in this state that whenever the acts of a referee out of court with reference to or connected with the subject-matter referred to him may possibly render his acts in court suspicious or subject him to criticism, so far as fairness is concerned, then he ought not longer to serve.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the action remitted to the court below for the appointment of a new referee. All concur; INGRAHAM, J., in result.